IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TERRY HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:12cv1007-MHT |
| ) | (WO) |
| CITY OF MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Plaintiff Terry Hughes brings this lawsuit, naming as defendants private citizens Derrick and Debora Sanders along with the City of Montgomery, Police Chief Kevin J. Murphy, and Police Officer R. C. Daniels.[1] Hughes asserts in this litigation violations of his rights under the Fourth, Fifth, and Fourteenth Amendments, as enforced through 42 U.S.C. § 1983.  He further asserts claims state-law torts of assault-and-battery and outrage. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and § 1367(a) (supplemental).

---

1. In his complaint, Hughes misspells Debora Sanders's first name as "Deborah."

This case is now before the court on the Sanderses' motion to dismiss.  The Sanderses argue that the only claim against them--that they have committed the tort of outrage--is due to be dismissed because Hughes has failed to state a claim against them upon which relief can be granted.[2]  See Fed. R. Civ. P. 12(b)(6).  For the reasons set out below, the Sanderses' dismissal motion is granted.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor.  Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  Generally, to survive a motion to dismiss and meet the

---

2. The complaint is unclear as to which claims are against which defendants.  However, Hughes's counsel clarified in a telephone conference with the court on January 9, 2013, that the only claim against the Sanderses is for the state-law tort of outrage.

requirement of Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but rather "only enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556.

## II. BACKGROUND

The allegations in Hughes's complaint are as follows: On August 29, 2011, he was stopped by Officer Daniels, purportedly for speeding.  However, instead of ticketing Hughes for speeding, Daniels demanded that he repay a

civil debt in the amount of $ 650 that Daniels insisted Hughes owed to the Sanderses.  Hughes denied that he owed the Sanderses money, but his protestations failed to move Daniels, who threatened him with prison if he did not pay.  Daniels then ordered Hughes to enter a local bank; he turned over Hughes's driver's license to the bank personnel; and he further ordered Hughes to withdraw the amount he allegedly owed.  Hughes complied and handed the cash to Daniels, who returned Hughes's driver's license and allowed him to leave.  Hughes alleges that this incident occurred at the "behest" of the Sanderses. Compl. (Doc. No. 1) at 4.[3]

---

3.    However, in their dismissal motion, the Sanderses tell a different story.  By their account, they hired Hughes to perform some work on their home.  After they had paid him in advance for a portion of this work, Hughes failed to complete it.  Hoping for some redress, the Sanderses say they asked the advice of Daniels, an acquaintance from their church.  Daniels told them that their only option was to sue Hughes in civil court.  The Sanderses, wary of undertaking such a cumbersome effort, state that they decided to drop the issue.  Over a year later, Debora Sanders received an unexpected call from Daniels, who had stopped Hughes and wished to know how much he owed them.  She estimated that Hughes owed them
(continued...)

Hughes subsequently sued the Sanderses, Officer Daniels, Police Chief Murphy, and the City of Montgomery. His only claim against the Sanderses is that they have committed the Alabama tort of outrage.

### III. DISCUSSION

The tort of outrage under Alabama law "is essentially equivalent to what many states refer to as 'intentional infliction of emotional distress.'" K.M. v. Alabama Dept. of Youth Services, 360 F. Supp. 2d 1253, 1259 n.4 (M.D. Ala. 2005) (Thompson, J.).  To prove a claim of outrage, a plaintiff must show that, "(1) the defendant ... intended to inflict emotional distress, or should have known that his or her acts would result in emotional distress; (2) the act [was] extreme and outrageous; (3) the act ... caused plaintiff['s] distress; and (4) plaintiff['s] emotional distress [was] so severe that no

---

3(...continued)
$ 650, and Daniels delivered that amount to their home later that day.

reasonable person could be expected to endure it." Palmer v. Infosys Technologies Ltd., Inc., ____ F.Supp.2d ____, ____, 2012 WL 3583025, at *3 (Aug. 20, 2012) (Thompson, J.) (quotations and citations omitted).

Alabama's outrage tort is considered an "extremely limited cause of action," Potts v. Hayes, 771 So. 2d 462, 465 (Ala. 2000), and is available to redress only "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." American Rd. Serv. Co. v. Inmon, 394 So. 2d 361, 365 (Ala. 1980). Moreover, given the murky threshold for this claim, Alabama courts have generally recognized outrage claims in only three specific sets of circumstances: "(1) cases involving wrongful conduct in the context of family burials; (2) cases in which insurance agents employ heavy-handed, barbaric means to coerce insureds into settling insurance claims[;] and (3) cases involving particularly egregious

sexual harassment." Tinker v. Beasley, 429 F. 3d 1324, 1330 (11th Cir. 2005) (internal quotation marks and citations omitted).

With the facts viewed in the light most favorable to Hughes, the Sanderses' conduct does not meet the very high bar imposed by Alabama law for establishing a claim of outrage. These facts are not within the three categories of behavior the Alabama Supreme Court has so far used to cabin the outrage claim. Nor is this conduct so outrageous that this court is compelled to depart from these categorical limitations. Hughes makes no allegations that the Sanderses asked Daniels to harass him, and, while Daniels's behavior certainly constituted a misuse of his own power, the Sanderses, as private citizens, do not occupy the same position of public trust and authority that Daniels does as a police officer. Cf. Woodley v. City of Jemison, 770 So. 2d 1093, 1096 (Ala. Civ. App. 1999) (denying summary judgment on outrage claim where police officer used information available in

that capacity to commit harassment, noting that "the public places its trust in [police officers] to an extent far greater and far more easily than it does in almost any other individuals in any profession.").

Even if Daniels's conduct were sufficiently egregious to support a claim of outrage, Hughes's claim against the Sanderses would still fail because he has not provided sufficient facts about the Sanderses' conduct to state a plausible claim for relief.  Hughes's only statements about the involvement of the Sanderses in this case are that they are his former customers and that Daniels undertook his actions at their "behest."  Compl. (Doc. No. 1) at 2, 4.  However, Hughes does not specify whether the Sanderses asked Daniels to pursue this matter in the way that he did.  Therefore, Hughes has not pleaded "factual content that allows the court to draw the reasonable inference that the [Sanderses are] liable for

8

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4]

* * *

Accordingly, for the above reasons, the Sanderses' motion to dismiss will be granted, and the one claim against them, the outrage claim, will be dismissed. As appropriate judgment will be entered.

DONE, this the 14th day of January, 2013.

                      /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**

---

4. In Hughes's objection to the Sanderses' motion to dismiss, he notes that, as described in the Sanderses' motion, the Sanderses asked Daniels for advice about how to get their money back and Daniels conferred with Debora Sanders by telephone during the traffic stop. Obj. (Doc. No. 16) at 2. Hughes also states that the Sanderses have not returned or offered to return the money. Id. at 1. These additional details shed no further light on the Sanderses' instructions to Daniels or on their intent to cause emotional distress; they are insufficient to elevate Hughes's outrage claim to the level of plausibility.